IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Palmetto Health Alliance, | ) | |
| | ) | C/A No.: 3:11-cv-2060-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REMAND ORDER** |
| | ) | |
| South Carolina Electric & Gas Company and Fireman's Fund Insurance Company, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court pursuant to the plaintiff's motion to remand (ECF No. 8) and the defendant's motion to sever or alternatively, to certify pursuant to 28 U.S.C. § 1292(b) for an interlocutory appeal (ECF No. 18). The parties have fully briefed this matter, and after hearing oral argument from the parties, the court has determined that remand is appropriate. For the reasons stated herein, the court hereby grants plaintiff's motion to remand and denies the defendant's motion to sever and alternatively to certify pursuant to 28 U.S.C. § 1292(b).

**I.    FACTUAL AND PROCEDURAL HISTORY**

This case arises from a power outage and accompanying power surge at Palmetto Health Baptist Hospital (Palmetto) on July 10, 2008. Because of the interruption and surge, the hospital experienced problems with its HVAC system. The problem with the HVAC in turn damaged numerous sterile supplies. Palmetto also had to employ staff overtime to remedy the problems from the power outage and surge. As a result, Palmetto

1

filed a claim with its insurer Fireman's Fund Insurance Company (Fireman's Fund). Fireman's Fund denied the claim.

Palmetto then filed this cause of action in the Richland County Court of Common Pleas. Palmetto alleges negligence, gross negligence, strict liability, breach of implied warranties, breach of contract, and negligence per se against SCE&G. Palmetto seeks a declaratory judgment regarding coverage and alleges breach of contract and bad faith refusal to pay against Fireman's Fund. Defendant Fireman's Fund removed the action to this court; SCE&G did not join the removal petition. Plaintiff then filed the present motion to remand. In response to Palmetto's motion to remand, the defendant, Fireman's Fund, filed a motion to sever or alternatively to certify pursuant to 28 U.S.C. § 1292(b). Fireman's Fund asserts that under the doctrine of fraudulent misjoinder, not recognized in this Circuit, a court can ignore an improperly joined party for jurisdictional purposes. Palmetto and SCE&G are residents of S.C. for jurisdictional purposes, while Fireman's Fund is a resident of California.

## II.     LEGAL STANDARD

In state civil actions, a defendant who is a citizen of the state in which the action was filed may remove the case to a federal district court if the court has original jurisdiction. 28 U.S.C. § 1441(a) (2006). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity is present. 28 U.S.C. § 1332 (2006). "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999).

Federal courts are courts of limited jurisdiction, and a federal court must carefully guard to ensure that all cases before it are properly subject to its jurisdiction. "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Muclcahey v. Columbia Organic Chemicals Co. Inc.* 29 F.3d 148,151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, (1921)). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (citing *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

To show fraudulent joinder, the removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). Because neither of these factors is satisfied in this case, the defendant asks this court to exercise jurisdiction based on the doctrine of fraudulent *mis*joinder.[1] This doctrine allows a federal court to ignore for jurisdictional purposes a party that has no real connection to the claims against other defendants if the claims were joined in an effort to defeat diversity. The Eleventh Circuit currently recognizes this doctrine where misjoinder "is so egregious as to constitute fraudulent joinder." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 n.4 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d

---

[1] This doctrine is alternatively known as procedural misjoinder.

1069 (11th Cir. 2000). Currently, however, the Fourth Circuit does not recognize this doctrine.

### III. DISCUSSION

Absent direction from the Fourth Circuit, this court declines to adopt fraudulent misjoinder and accept jurisdiction over this case. Because SCE&G and Palmetto are both citizens of South Carolina for jurisdictional purposes, this court does not have diversity jurisdiction. Though the parties dispute whether the claims against SCE&G and Fireman's Fund are improperly joined, they agree that this is not a case involving fraudulent joinder. Thus, the case does not fall within the parameters of the Fourth Circuit's fraudulent joinder test and the resolution of the joinder issue is best left to a state court. *See Hartley*, 187 F.3d at 424 (requiring either outright fraud or no possibility that the plaintiff would be able to establish a cause of action against the defendant in a state court). As such, this court also declines to sever SCE&G under Fed. R. Civ. P. 21. Accordingly, remand is appropriate.

Nor does this court find that this case is appropriate for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). As this court has previously noted, such an appeal is an "extraordinary measure." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 890 F. Supp. 470, 499 (D.S.C. 1995). Moreover, under federal law, piecemeal appeals are disfavored. *See Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 24 (1966). An interlocutory appeal at this stage would protract the case without providing a resolution on the merits. As a result, this court declines the defendant's request to certify this order for interlocutory appeal.

Accordingly, the action is remanded to the Court of Common Pleas, Richland County, South Carolina. Remand is without prejudice to a second removal in the event the claims of the non-diverse defendants are severed prior to the expiration of one year from institution of the action. A certified copy of this order of remand shall be sent by the Clerk of this Court to the Clerk of the Court of Common Pleas, Richland County, Fifth Judicial Circuit of South Carolina.

IT IS SO ORDERED.

October 21, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge